UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WILFREDO GUILLERMO,

        Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/27/21
```

21-CV-3007 (BCM)

**SCHEDULING ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

    The above-referenced social security action is now before Magistrate Judge Moses for all purposes pursuant to 28 U.S.C. § 626(c). All motions and applications, including those related to scheduling, and all motions to dismiss or for judgment on the pleadings, must be made to Judge Moses and in compliance with this Court's Individual Practices in Civil Cases, available on the Court's website at https://nysd.uscourts.gov/hon-barbara-moses.

    On September 9, 2021, defendant filed the electronic certified transcript of the administrative proceedings (e-CAR). (Dkt. No. 12.) **Going forward, Judge Moses expects the parties to adhere to the following schedule and comply with the following procedures:**

1. A **courtesy copy** of the e-CAR, marked as such, must be promptly delivered to chambers by mail, overnight courier, or hand delivery. **This requirement remains in effect notwithstanding the ongoing COVID-19 pandemic.**

2. **No later than 30 days from the date of this Order** counsel for plaintiff must send a **written proposal for settlement** to counsel for the Commissioner, summarizing plaintiff's strongest arguments, with specific references to the portions of the record supporting those arguments, to determine if the case can be resolved.

3. Promptly upon receipt of plaintiff's settlement proposal, counsel for the Commissioner must consult with the agency, evaluate the merits of the proposal, and

meet and confer with plaintiff's counsel in good faith, **in person or by telephone**, to determine whether the case can be resolved without further expenditure of attorney time and judicial resources. An exchange of emails is not sufficient.

4. **No later than 30 days after plaintiff's settlement proposal is due**, the parties shall either:

    a. electronically file a stipulation dismissing, remanding, or otherwise resolving the case; or

    b. electronically file a joint letter advising the Court that the parties have complied with the requirements of paragraph 2 and 3 above but were unable to resolve the case and are proceeding to brief their respective positions in accordance with paragraphs 5-8 below.

5. Plaintiff shall file his or her motion for judgment on the pleadings no later than **30 days after the parties' joint letter is due**. The motion for judgment on the pleadings must contain, in appropriately titled portions of plaintiff's brief:

    a. a full description of the relevant facts, and

    b. a full description of the relevant administrative proceedings,

6. The Commissioner shall file her response to the motion for judgment on the pleadings no later than **60 days after plaintiff's motion is due**. The response must state, in appropriately titled portions of defendant's brief, **whether the Commissioner agrees with plaintiff's descriptions of the relevant facts and the relevant administrative proceedings, and – if not – whether plaintiff's description misstates, mischaracterizes, or omits any material facts or proceedings.** Additionally, the Commissioner must clearly identify the portion(s) of plaintiff's description with

which she disagrees and cite to the pages of the e-CAR that support her position. Similarly, if the Commissioner agrees with plaintiff's description but wishes to direct the Court to additional facts in the record that she deems material, she must clearly identify those facts, explain why they are material to this Court's decision, and cite to the supporting pages of the e-CAR.

7. No later than **21 days after the Commissioner's response is due**, plaintiff shall file any reply.

The Court is familiar with the standard of review and the sequential evaluation process, so the parties should avoid boilerplate discussions of the governing legal standards.  Rather, the parties should focus on applying relevant and controlling legal authority to the facts germane to each disputed issue. When citing relevant cases, statutes, regulations, Social Security Rulings, medical and vocational reference sources, or other legal authority to support their legal arguments, the parties shall provide complete and accurate citations to the portions of those authorities relied upon.  The parties shall also specify the evidence upon which they rely to support their contentions, and provide accurate page citations to the Administrative Record for all evidence relied upon [*i.e.*, "R. at ___"].  In addition, all medical terminology (including medical conditions, diagnoses, procedures, tests, anatomical references, and pharmaceuticals) shall be defined in terms understandable to a layperson, preferably by citation to a medical dictionary or other standard reference work.  The parties may not supplement the record beyond the definition of technical terms.

If the areas in which the parties agree or disagree are not sufficiently clear from their briefs, Judge Moses will schedule a conference, at which counsel will be expected to assist the Court in determining what issues are genuinely in dispute between them and answer any

questions the Court may have concerning the case.

The parties are reminded that, under the Standing Order, memoranda filed in support of or in opposition to any dispositive motion shall not exceed 25 pages, and reply memoranda shall not exceed 10 pages. Memoranda exceeding 10 pages must include a table of contents and a table of authorities, neither of which shall count against the page limit. Any party seeking to exceed these page limitations must apply to Judge Moses for leave to do so, with copies to all counsel, **no later than seven days before the date upon which the memorandum must be filed** and otherwise in compliance with Judge Moses's Individual Practices in Civil Cases.

Dated: New York, New York
September 27, 2021

**SO ORDERED**.

_____
**BARBARA MOSES**
**United States Magistrate Judge**